### WILLIAM E. SMALL *versus* JOHN TRICKEY.

When an arbitrator examines witnesses behind the back of one of the parties, such party is justified in at once abandoning the reference.

But if, after the fact comes to his knowledge, he continues to attend the subsequent proceedings, this will be a waiver, and the irregularity cannot afterwards be set up to avoid the award.

But the examination of a book of accounts by one referee in company with the party who obtained the award, after a full hearing of the evidence of the parties and the arguments of counsel, in order to test the accuracy of an account transcribed by a witness, cannot be regarded as in any sense an *ex parte* hearing; and, in the absence of all proof of misconduct, partiality or fraud, cannot affect the award.

ON REPORT from *Nisi Prius,* CUTTING, J., presiding.

DEBT ON AWARD.

The plea was the general issue, and a brief statement, alleging a want of publication and demand, and that the award was made *ex parte.*

The only question presented and relied on in this case was, whether certain *ex parte* proceedings by the referees vacated their award.

One Cushing was a witness before the referees, and swore to an account of lumber taken from his books, which were not produced at the trial. After the evidence was out, and the case had been argued by the parties, the referees adjourned, but to no specified time or place. Subsequently, one of the referees, accompanied by the plaintiff, went to Cushing's, and there examined Cushing's books for the purpose of ascertaining whether the account rendered corresponded with the books. No notice was given the defendant of this examination. The account was found to agree with the books in every respect, so that the examination of the books did not affect in any manner the result to which the referees finally came. There was also some evidence that the plaintiff was present with the referees, the defendant being absent and having no notice, at the time the award was made up. It appeared, however, that the principles upon which it was made up had been before agreed upon.

It was also testified by one of the referees that the plaintiff "had nothing to do with making up the award." Another of the referees testified that he did not know of plaintiff's writing or figuring, at the time the award was made up, but that "he had more or less to say."

The defendant left the State soon after the hearing, and did not return before the case was wholly closed.

Upon this testimony the defendant was defaulted, with the agreement that it should be taken off and the action stand for trial, if in the opinion of the whole Court, upon so much of the evidence as was legally admissible, the action was not sustained.

Small *v.* Trickey.

*Sanborn* and *Rawson*, for defendant.

We concede that notice to defendant, of the award and a demand on him to perform it prior to the commencement of the action, were not necessary. By the old authorities they were requisite, but recent decisions have established the contrary doctrine; and though we think it wrong in principle, yet it is too late to contest it.

But we contend that the award was made *ex parte*, and is therefore void. It was made in the presence of Small, who accompanied Parsons, one of the referees, to Frankfort, and assisted him in the examination of Cushing's books, Trickey being all the while absent, and having had no notice of the hearing and examination, that he might be present if he saw cause.

Hallowell and Veazie, referees, testified that the examination of Cushing's books by Small, the plaintiff, and Parsons, confirmed the testimony of Cushing before the referees, and the award was exactly what they had agreed upon before the examination was made; so that it did not change the result.

But who can say that Small did not so conduct that examination as to make the books confirm Cushing's testimony? Who can say, that if Trickey had been present, it might not have been different? The referees had postponed the final consummation of their award for the purpose of procuring this examination; they had not made their award; they would not make it until that examination could be had. Why? Because they were not satisfied with the testimony before them. They appealed to the books. It was important, therefore, that they should be examined. In conducting or making this examination, if one party was admitted among or before them *to aid or assist, most certainly it was due to the other party* that he should be permitted to take part in it also; that he should be notified, at least, so as to have the opportunity to do so if he pleased. And no man can safely say that their award is the same which it would have been if Mr. Trickey had been present with Mr. Small and Mr. Parsons at that examination. It is impossible to demonstrate that it is the

same; and, no matter, therefore, what Hallowell and Veazie may think or believe, it cannot change the grossly *ex parte* character of their official acts.

*J. A. Peters*, for plaintiff.

Was the hearing *ex parte?* There is no sort of evidence of it. The parties were fully heard; they then agreed upon the result; that result was favorable to plaintiff. All that was afterwards done was to examine and test certain things for their own satisfaction, lest there may have been an error; and it was all for the benefit of the defendant. Mr. Cushing had produced papers; had sworn to them; parties had argued upon them. To make assurance doubly sure, and for the benefit of defendant, before making the award, Mr. Parsons, who was more particularly Mr. Trickey's friend, was sent to Frankfort to see further if Cushing was correct, and he, said Parsons, requested Small, the plaintiff, to go with him.

Certain things are deducible from these facts.

Every thing was regular, and the basis of an award was unanimously agreed upon. The final award was precisely the same as that basis, and nothing intervening caused any alteration in it. Whatever was done in the meantime was for defendant's benefit and security, and it was so regarded at the time. It neither benefited or injured any body.

There is no evidence of fraud, partiality or prejudice in the case.

The presence of the plaintiff, waiting for his award, of which he was notified, was no injury to any body. The cases are numerous which decide that it is not improper for an attorney of the party recovering to draft the award for the referees.

The Court will notice the conclusion of the report in this case; that default comes off, if plaintiff cannot sustain an action on this evidence. We need only a *prima facie* case.

APPLETON, J. — After the parties had introduced such proof as they severally relied upon, and had each presented their views as to the effect of the same, the referees adjourned for

Small *v.* Trickey.

a final decision. Before the award was made, it was deemed desirable by the referees to verify an account, which had been sworn by a witness to be correct, by comparing the same with the original books of account from which it had been copied. A comparison was made, and the copy was found correct. The party in whose favor the award was made accompanied one of the referees, who made this examination, and aided in making the comparison. This was done for the purpose of preventing any possible mistake. It is not alleged that the comparison was fraudulently or erroneously made. This cannot be regarded in any meaning of the phrase, as an *ex parte* hearing. No misconduct, partiality or fraud on the part of the referees is shown to exist.

It was held in the House of Lords, in *Drew* v. *Drew*, 33 Eng. Law & Eq. 9, that where an arbitrator examines witnesses behind the back of one of the parties, such party is justified in at once abandoning the reference and applying to a Judge to rescind the submission; but if he continue, after the fact come to his knowledge, to attend the subsequent proceedings, this will be a waiver of the irregularity, and he cannot afterwards set aside the award on that ground. But in the present case no witnesses were examined, and no evidence was heard. The comparison instituted was a measure of extraordinary precaution on the part of the referees, and for the benefit of the losing party. No error having been discovered, the award was based upon the evidence introduced at the trial, and was entirely unaffected by the subsequent proceeding, to which the defendant objects.

No reason is perceived for taking off the default which has been entered.                    *Default to stand.*

TENNEY, C. J., and HATHAWAY, MAY and GOODENOW, J. J., concurred.